IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA O'FLAHERTY, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00359-MJR-DGW |
| | ) | |
| APPLE INC., | ) | Plaintiff demands trial by jury |
|        Defendant. | ) | |

## CLASS ACTION COMPLAINT

**I.    INTRODUCTION**

1.    Plaintiff brings this action against Apple, Inc., individually and on behalf of those similarly situated, for surreptitiously collecting and obtaining private location information in violation of Illinois law.

**II.    PARTIES**

2.    Cynthia O'Flaherty is a citizen of the State of Illinois and a resident of this District. She owns an iPhone with iOS 4 operating system.

3.    Apple, Inc. ("Apple"), the maker of the iPhone, is a California corporation with its principal place of business in California.

**III.    JURISDICTION AND VENUE**

4.    This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2).  Plaintiff is a citizen of Illinois, Defendant is a citizen of California, and the amount in controversy exceeds $5,000,000.00.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiff

is a resident of this district, many of the acts and transactions giving rise to this action occurred in this district, and because Apple:

    a. is authorized to conduct business in this district and has availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    b. does substantial business in this district; and

    c. is subject to personal jurisdiction in this district.

**IV.   FACTS**

6.   Apple's iPhones and iPads are carried with users to essentially every location they travel to, making the information collected by Apple highly personal; indeed, in many instances it may be information to which employers and spouses are not privy.

7.   All iPhones and iPads log, record and store users' locations based on latitude and longitude alongside a timestamp. These mobile computing devices store this information in a file named "consolidated.db", or a similarly named file.  Apple intentionally began recording this information with the release of its iOS 4 operating system in June, 2010.  Apple uses a cell-tower triangulation to obtain user location.  Alternatively, Apple uses global positioning system (GPS) data to obtain user location.

8.   Apple devices download the user location data to the user's computer when the mobile device synchronizes ("syncs") or shares data with the computer. The data is unencrypted on the mobile devices and also on users' computers that sync with those mobile devices.

9.   Apple previously collected user location information through its applications, though not to the extent done by the iOS 4 operating system.  In the iTunes terms of service, Apple explains

that they "collect information such as occupation, language, zip code, area code, unique device identifier, location, and the time zone where an Apple product is used".

10.     In its patent application for the iOS 4 operating system location-recording technology, Apple explained that the network information it collected could be accessed by an individual or an application to map the device user's location over time.

> The network information can be converted to estimated position coordinates (e.g., latitude, longitude, altitude) of the location aware device. The position coordinates can be stored in a location history database on the location aware device or made accessible on a network. A user or application can query the location history database with a timestamp or other query to retrieve all or part of the location history for display in a map view.
>
>    *  *  *
>
> The location history can be used to construct a travel timeline for the location aware device. The travel timeline can be displayed in a map view or used by location aware applications running on the location aware device or on a network. In some implementations, an Application Programming Interface (API) can be used by an application to query the location history database.

See U.S. Patent App. 20110051665.

11.     Users of Apple's iPhones and iPads, including Plaintiff and the putative Class, were unaware of Apple's tracking their locations.

12.     Apple did not disclose that it comprehensively tracked its users in its terms of service. Plaintiff and other users did not provide any sort of informed consent to the tracking at issue in this case.  Apple collected the private location information covertly, surreptitiously and in violation of law.

13.     Apple collected and obtained Plaintiff's private location information by means of the operating system, by means of applications on Plaintiff's mobile devices and these mobile devices were serviced at Defendant's stores,

14.     The accessibility of the unencrypted information collected by Apple places

users at serious risk of privacy invasions, including stalking. Moreover, this secretly-gathered private information may be subpoenaed and become public in the course of any litigation, including divorce proceedings.

15.    Plaintiff and the proposed Class members were harmed by Apple's accrual of personal location, movement and travel histories because their personal computers were used in ways they did not approve, and because they were personally tracked by a tracking device for which a court-ordered warrant would ordinarily be required.

16.    Plaintiff and her proposed Classes suffered two different types of injuries. First, Plaintiff and her proposed Classes were injured and suffered a loss as a result of Apple's surreptitiously recording their customers' locations. Their private information was surreptitiously stored on their mobile devices and transferred, without their knowledge or consent, to other computers and to third parties. Second, Plaintiff and her Classes were injured by the risk of transfer of their location information to malicious third parties. By surreptitiously storing this information on their iPhone and transferring to other computers and to third parties by means of Apple Applications, Plaintiff and her proposed Classes face the risk of their private location information being obtained by malicious third parties and/or made public, for example, in the course of litigation.   The damages incurred by Plaintiff and her proposed Classes exceed $5,000,000.00

## V.    COUNT I – COMPUTER TAMPERING

17.    Plaintiff incorporates by reference all previous paragraphs of this Class Action Complaint as if fully as if fully set forth herein.

**Class Allegations**

18.     Plaintiff's Class is defined as follows: all Illinois citizens who had a program or operating system installed on his or her iPhone or iPad by Defendant Apple that recorded their location surreptitiously, illegally and without their consent. Excluded from Plaintiff's Class are: (1) Defendant, its employees, and all persons who have or had a controlling interest in the Defendant corporation; (2) Defendants' legal representatives, predecessors, successors and assigns; (3) the judge who is assigned to this case and his/her immediate family; (4) Plaintiff's attorneys and their employees; (5) all persons who properly execute and file a timely request for exclusion from the class.

19.     Plaintiff's proposed Class is comprised of thousands of Defendant's customers, the joinder of which is impracticable, and the members of the Class are so numerous that it is impractical to bring all of them before the Court in this action.  Moreover, the amount of damages suffered individually by each member of the Class is so small as to make suit for its recovery by each individual member of the Class economically unfeasible.

20.     Class treatment of the claims asserted herein will provide substantial benefit to both the parties and the court system. A well defined commonality of interests in the subject questions of law and fact affects Plaintiff and all proposed members of the Class.

21.     There are common questions of law and fact applicable to the claims asserted on behalf of the Class. These common questions include but are not limited to:

    (a)     Whether Defendant knowingly and intentionally installed a program or operating system on the mobile computing device of Plaintiff and her proposed Class that altered, transferred and removed data;

    (b)    Whether Plaintiff and her proposed Class authorized Defendant to collect, alter and remove data from their mobile computing devices;

    (c)    Whether Plaintiff and her proposed class suffered a loss and incurred damages as a result of Defendant's collecting, altering and removing data from their mobile computing devices;

    (d)    Whether Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

These questions of law and fact predominate over any questions affecting only individual members of Plaintiff's class.

22.    Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interest antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

23.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because members of the Class number in the thousands and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiff's claims is manageable.

## Cause Of Action

24.     Illinois law provides:

>(a) A person commits the offense of computer tampering when he knowingly and without the authorization of a computer's owner, as defined in Section 15-2 of this Code, or in excess of the authority granted to him:
>
> *     *     *
>
>(4) Inserts or attempts to insert a "program" into a computer or computer program knowing or having reason to believe that such "program" contains information or commands that will or may damage or destroy that computer, or any other computer subsequently accessing or being accessed by that computer, or that will or may alter, delete or remove a computer program or data from that computer, or any other computer program or data in a computer subsequently accessing or being accessed by that computer, or that will or may cause loss to the users of that computer or the users of a computer which accesses or which is accessed by such "program"[.]

720 ILCS 5/16D-3(a)(4).  This law provides a civil cause of action for all individuals that suffer a loss by reason of violation of this provision. 720 ILCS 5/16D-3(c).  Violation of this law is a Class 4 felony for the first offense and a Class 3 felon for the second or subsequent offense. 720 ILCS 5/16D-3(b)(3).

25.     Defendant Apple knowingly and without authorization installed a "program" or operating system on Plaintiff's iPhone, knowing or having reason to know that it would both alter, transfer and remove data from that mobile computing device, proximately causing Plaintiff and her proposed class to suffer a loss and incur damages in excess of $5,000,000.00.

**WHEREFORE**, Plaintiff and her Class pray for the relief requested in the Request for Relief set forth below in this Class Action Complaint.

## VI.     COUNT II – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT

### Class Allegations

26.     Plaintiff's Class is defined as follows: all Illinois citizens who had a program or operating system installed on his or her iPhone or iPad by Defendant Apple that recorded their location surreptitiously, illegally and without their consent. Excluded from Plaintiff's Class are: (1) Defendant, its employees, and all persons who have or had a controlling interest in the Defendant corporation; (2) Defendants' legal representatives, predecessors, successors and assigns; (3) the judge who is assigned to this case and his/her immediate family; (4) Plaintiff's attorneys and their employees; (5) all persons who properly execute and file a timely request for exclusion from the class.

27.     Plaintiff's proposed Class is comprised of thousands of Defendant's customers, the joinder of which is impracticable, and the members of the Class are so numerous that it is impractical to bring all of them before the Court in this action.  Moreover, the amount of damages suffered individually by each member of the Class is so small as to make suit for its recovery by each individual member of the Class economically unfeasible.

28.     Class treatment of the claims asserted herein will provide substantial benefit to both the parties and the court system. A well defined commonality of interests in the subject questions of law and fact affects Plaintiff and all proposed members of the Class.

29.     There are common questions of law and fact applicable to the claims asserted on behalf of the Class. These common questions include but are not limited to:

    (a)     Whether Plaintiff and the putative Class were consumers of Defendant's merchandise, and whether they bought Apple's merchandise for personal or family use;

(b) Whether surreptitiously gathering, obtaining and transferring private location information without user authorization is an unfair business practice that violates the Illinois Consumer Fraud and Deceptive Business Practices Act;

(c) Defendant Apple omitted, concealed and suppressed the material fact that it collected, obtained and transferred the private location information of Plaintiff and her proposed Class;

(d) Whether Defendant acted with the intent for Plaintiff and the putative Class to rely on its omission, concealment and suppression;

(e) Whether Plaintiff and the putative Class suffered damages as a proximate result of Defendant's actions;

(f) Whether Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

These questions of law and fact predominate over any questions affecting only individual members of Plaintiff's Class.

30. Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interest antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because members of the Class number in the thousands and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or

impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiff's claims is manageable.

### Cause Of Action

32.	Plaintiff and the members of her proposed Class were consumers of Apple's merchandise, and they bought the subject mobile computing devices for personal or family use.

33.	The Illinois Consumer Fraud and Deceptive Business Practices Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815. ILCS 505/2.

34.	By surreptitiously installing a program on the mobile computing devices of Plaintiff and her proposed Class that recorded their location without their consent, Defendant Apple engaged in an unfair business.

35.	Defendant Apple omitted, concealed and suppressed the material fact that it collected, obtained and transferred the private location information of Plaintiff and her proposed Class, and Defendant acted with the intent for Plaintiff and the putative Class to rely on that omission, concealment and suppression.

36.	Defendant's violations of the Illinois Consumer Fraud Act occurred in the course of trade or commerce, and Plaintiff and her putative Class incurred damages in excess of $5,000,000.00 as a proximate result of Defendant's actions.

**WHEREFORE**, Plaintiff and her Class pray for the relief requested in the Request for Relief set forth below in this Class Action Complaint.

## VII. <u>REQUEST FOR RELIEF</u>

Plaintiff and her proposed Classes pray for an Order and Judgment against Defendant:

(a) Certifying the Classes as requested herein;

(b) Entering an Order appointing MONTROY LAW OFFICES, LLC as lead counsel for the Classes;

(c) Enjoining Defendant from obtaining, recording and transferring the private location information of Plaintiff and her proposed Classes;

(d) Grant Plaintiff a jury trial on all jury triable counts;

(e) Awarding Plaintiff and members of the proposed Classes damages for their losses and injuries;

(f) Awarding exemplary and punitive damages in an amount to be determined at trial;

(g) Awarding pre-judgment interest;

(h) Awarding post judgment interest;

(i) Awarding attorneys' fees and costs; and,

(j) Providing such further relief as may be fair and reasonable.

Respectfully Submitted,
Attorney for Plaintiff

/s Christian G. Montroy
Montroy Law Offices, LLC
Christian G. Montroy
412 Missouri Avenue
East St. Louis, Illinois 62201
Phone:  (618) 274-0434
Fax:    (618) 274-8369
cmontroy@montroylaw.com